UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DuWayne Wm. Otto, | Case No. 21-cv-1610 (PAM/ECW) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Barbara Schmitt, Mary Karl, Minnesota Department of Corrections, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff DuWayne Otto's Amended Complaint. (Dkt. 4.) Originally, Otto applied to proceed *in forma pauperis*, and this Court directed him to submit additional financial information, but rather than submit the financial information, Otto has paid the filing fee. After reviewing Otto's Amended Complaint, this Court will recommend that Defendants Mary Karl and the Minnesota Department of Corrections be dismissed from this lawsuit because Otto has failed to state a sufficient claim against either party. This Court will address the claims against Defendant Barbara Schmitt by separate order.

Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must

be summarily dismissed. 28 U.S.C. § 1915A(b).  Plaintiff is a prisoner, so his Amended Complaint is subject to such immediate review.

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory.  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Otto is attempting to do here, a complaint must allege a set of historical facts showing that the named defendants violated a plaintiff's federal constitutional rights while acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing.  *White v.*

*Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim")

This Court previously warned Otto in the order requesting additional financial information (Dkt. 3) that some of his claims may be subject to dismissal for failure to adequately plead facts to support the claims. His original Complaint lacked any specific reference to harmful actions taken by Defendant Mary Karl. Likewise, his Amended Complaint makes no mention of Karl. (Dkt. 4.) A plaintiff cannot state a valid Section 1983 claim against a defendant without describing their personal involvement in the harm caused. This Court will recommend that Karl be dismissed without prejudice because Otto has not described Karl's personal actions and thus has not stated a valid claim against her.

As to the Minnesota Department of Corrections ("MNDOC"), Otto cannot maintain a lawsuit against that entity because the State of Minnesota has not waived sovereign immunity for claims against its entities. As an agency of the state, the MNDOC is vested with sovereign immunity coextensive with that of the state itself. *See Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772 n.2 (8th Cir. 2016) (citing *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)). Neither the State of Minnesota nor the MNDOC has waived sovereign immunity with respect to the claims presented in this lawsuit, so claims against the State of Minnesota, and the MNDOC itself, should be dismissed from this lawsuit. *See Hart v. United States*, 630 F.3d 1085,

1091 (8th Cir. 2011) (dismissal is appropriate if subject matter jurisdiction is lacking due to sovereign immunity).  Therefore, this Court will recommend that the MNDOC and all claims against it be dismissed from this case.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED** pursuant to 28 U.S.C. § 1915A(b) that:

1. All claims against Defendant Mary Karl be **DISMISSED** without prejudice for failure to identify individualized actions;

2. All claims against the Minnesota Department of Corrections be **DISMISSED** because the MNDOC has Eleventh Amendment immunity from suit.

Dated: October 5, 2021              *s/Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge


# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).