UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DuWayne Wm. Otto, | Case No. 21-cv-1610 (PAM/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Barbara Schmitt, | |
| Defendant. | |

---

This matter is before the Court on Defendant Barbara Schmitt's Motion to Dismiss (Dkt. 18). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2021, Plaintiff DuWayne Otto ("Otto") initiated the present civil rights action under 42 U.S.C. § 1983[1] against Mary Karl, the Minnesota Department of Corrections, and Barbara Schmitt ("Schmitt" or "Defendant"). Otto's statement of the claim provides as follows:

A. Mary Karl - District Supervisor and Barbara Schmitt Mn. D.O.C. agent carver county placed DuWayne Otto to a 5year conditional release on or about September 25, 2008.

B. DuWayne Otto as a result from Sept 25, 2009 to Dec. 16, 2012 was placed on parole that was not stated on original warrant of commit. He was denied of several civil rights as a free man during this period.

---

[1] The Complaint was dated June 15, 2021, however, the Complaint was received by the Clerk's Office on July 12, 2021.

(Dkt. 1 at 4.)

In his request for relief, Plaintiff provides as follows:

Denied due process of Law. Monetary relief for false imprisonment from Sept. 25, 2009-December 20, 2012. Minn. Dept. Corrections placed a 5 year conditional release upon Plaintiff, when not specified on warrant of commit, 2005.

(*Id.* at 5.)

Otto provided no further substantive allegations or requests for relief in his Complaint.

After the Court pointed out possible deficiencies in the Complaint (Dkt. 3), on July 30, 2021, Plaintiff filed an Amended Complaint, which contained no caption.[2] (Dkt. 4.) The Amended Complaint alleges as follows: On September 25, 2008, Otto was released from Stillwater Correctional Facility after serving time since August of 2005. (*Id.* at 1.) Otto's release date was originally scheduled for March 2009, but Otto was released on an emergency basis on September 25, 2008 due to a miscalculation. (*Id.*) A meeting between Otto and Schmitt took place on his release date, during which it was communicated to him that he was being paced on parole and five-year conditional release. (*Id.*) Otto responded that he had done extra time and that the Judge had not imposed conditional release at his sentencing. (*Id.*) Schmitt allegedly responded that every inmate gets supervised released automatically. (*Id.*) Nothing was done regarding the extra time miscalculated as to his release date. (*Id.*)

---

[2]    Given that there is a lack of a caption or request for damages, it appears as though the Amended Complaint was meant to provide additional facts in support of Otto's Section 1983 claim.

2

On September 25, 2009,³ Otto received his expiration of sentence notice, yet he was given five more years of parole without court approval. (*Id.*)

On December 16, 2011, Otto received another expiration of sentence because it was discovered that the original warrant of commitment dated August 26, 2005 did not have an order for conditional release, as Otto told Schmitt at the September 25, 2008 meeting. (*Id.*)

Between this period of time, Otto asserts that he was sent to prison three times, county jail four times, a 30-day treatment program, and an out-patient treatment program for four months. (*Id.* at 2.) He was also denied the right to work, denied the right to vote, and police were sent to his home many times, even when he was not home. (*Id.*)

No request for relief was provided in the Amended Complaint.

On October 5, 2021, this Court issued a Report and Recommendation (Dkt. 8) recommending the dismissal of Defendants Mary Karl and the Minnesota Department of Corrections, which was adopted by United States District Judge Paul A. Magnuson (Dkt. 10).

On January 14, 2022, Schmitt brought the present motion to dismiss alleging that Otto's claims are barred by the applicable six-year statute of limitations for Section 1983 claims.

---

³ The Court notes that in some instances Plaintiff lists September 25, 2008 as his release date, and in other instances September 25, 2009.

## II.  LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

> Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:
>
> While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up). Pro se complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though matters 'outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir.

5

2004)). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.* (citations omitted); *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

"A court may dismiss a claim as untimely if it is clear from the face of the complaint that the claim is barred by the statute of limitations." *Untiedt's Vegetable Farm, Inc. v. S. Impact, LLC*, 493 F. Supp. 3d 764, 766-67 (D. Minn. 2020) (citing *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011)); *see also Ritchie Cap. Mgmt., L.L.C. v. JP Morgan Chase & Co.*, 960 F.3d 1037, 1048 (8th Cir. 2020) ("We . . . recogniz[e] the general rule that a statute of limitations defense is only grounds for dismissal when the defense is established by the complaint itself.") (citations omitted). "'[T]he face of the complaint . . . include[s] public records and materials embraced by the complaint.'" *Untiedt's Vegetable Farm, Inc.*, 493 F. Supp. 3d at 767 (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)).

### III.   ANALYSIS

Defendant Schmitt concedes that a six-year statute of limitations applies to Otto's Section 1983 claim. (Dkt. 23 at 5.) Schmitt also argues that the latest that Otto's Section 1983 claim, premised on false imprisonment, would have accrued would have been the date that the alleged false imprisonment ended, which in this case was December 20, 2012 based on his request for relief in the original Complaint or possibly December 16,

2011, given the allegations in his Amended Complaint that he received another expiration of sentence on that date because it was discovered that the original warrant of commitment dated August 26, 2005 did not have an order for conditional release. (*Id.* at 6.) Even assuming a December 20, 2012 accrual date, Schmitt takes the position that the six-year statue of limitations expired well before the 2021 initiation of the present action, thereby making the claims untimely. (*Id.*)

In his opposition, Otto argues that his constitutional rights were violated when Schmitt subjected him to an additional sentence not imposed by a judge; his claim was not barred by *Heck v. Humphrey*, 512 U.S 477 (1994);[4] he took issue with Schmitt's characterization that there was no proper caption or request for damages in his Amended Complaint; and set forth theories of damages related to an inability to work as a result of the additional sentence. (Dkt. 26 at 1-2.) Otto did not address Schmitt's statute of limitations defense.

State statute of limitations for personal-injury torts applies to actions under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *see also Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021) ("The governing statute of limitations for § 1983 claims is the personal-injury tort statute of the State in which a cause of action arose.") (citations omitted). Under Minnesota's personal-injury statute, § 1983 claims are

---

[4] The core principle of *Heck* is that a § 1983 claim cannot proceed if success on the claim would invalidate a conviction. *See Entzi v. Redman*, 485 F.3d 998, 1003 (8th Cir. 2007). However, this principle is inapplicable to the statute of limitations defense asserted by Defendant as to the present motion to dismiss.

limited to six years. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.3 (8th Cir. 1995); *see also* Minn. Stat. § 541.05, subd. 1(5).

However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. "Section 1983 claims accrue 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081-82 (8th Cir. 2018) (quoting *Wallace*, 549 U.S. at 388) (cleaned up). With respect to the alleged improper extension of Otto's sentence, a "claim for false imprisonment accrues when the plaintiff becomes detained 'pursuant' to 'legal process.'" *Martin*, 18 F.4th at 583 (quoting *Wallace*, 549 U.S. at 389). Here, Otto asserts that when he was released on an emergency basis on September 25, 2008, he was notified on the same date that he was being placed on additional parole and five-year conditional release without court authorization. Based on the record, the additional parole and conditional release were never authorized by legal process. As such, Otto's claim seeking damages under § 1983 for false imprisonment accrued, at the latest, when the alleged false imprisonment ended. *See Wallace*, 549 U.S. at 389. Here, the Complaint and the Amended Complaint both allege that the illegal extension of his sentence ended at the latest in December 2012[5], making the 2021 Complaint and Amended Complaint untimely and barred by the applicable six-year statue of limitations.

---

[5]   The Court notes that Plaintiff lists the expiration of the improperly extended sentence as multiple different dates, including December 16, 2011, December 16, 2012, and December 20, 2012. However, for the purposes of the motion to dismiss, Defendant concedes that the statute of limitations runs from the latest December 20, 2012 date.

Therefore, this Court will recommend that Schmitt and all claims against her be dismissed from this case.

## IV.    RECOMMENDATION

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Defendant Barbara Schmitt's Motion to Dismiss (Dkt. 18) be **GRANTED**; and

2. That the Complaint and Amended Complaint be **DISMISSED WITH PREJUDICE**.

Dated: April 13, 2022                              *s/Elizabeth Cowan Wright*
                                                   ELIZABETH COWAN WRIGHT
                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).